Peckham, J.
I concur on both grounds.
I. Defendant does not affirmatively set up any circumstance in mitigation of writing or publishing. In his second defense he obviously evades saying that he either wrote or published. But he “ did what he did ” for the reason stated.
II. The Code, I think, does not assume to define what is a mitigating circumstance. This court has held the matters here assumed to be set up to be no mitigation. So in Bush v. Prosser (16 N. Y. 361), Mr. Justice Selden says, “It has been long settled in this State, and in Massachusetts, &c., that no mere report, not amounting to proof of general charac *104 ter, nor information obtained by the defendant from others as to the truth of the charge, unless accompanied by proof that such information is true, can be received for the purpose of rebutting the presumption of malice.” He says “the evidence has been rejected, for, as it appears to me, the soundest reasons.” I think he is right.